DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

AMY G. DENERO,                        )
                                      )
            Plaintiff,                )
                                      )
      v.                              )    Civil No. 2013-73
                                      )
CATERED TO INC. d/b/a CATERED TO )
VACATION HOMES, J-MACKS           )
PROPERTIES, LLC, and CYNTHIA K.  )
BELDEN d/b/a AVALON VILLA &        )
RETREAT CENTER,                     )
                                      )
            Defendants.               )
_____)

ATTORNEYS:

**Karin A. Bentz**
Law Offices of Karin Bentz, P.C.
St. Thomas, VI
      *For Amy G. Denero,*

**Ryan C. Meade**
Quintairo, Prieto, Woo & Boyer, P.A.
Miami, FL
      *For Catered To, Inc. d/b/a Catered To Vacation Homes and J-Macks Properties, LLC,*

**Cynthia K. Belden d/b/a Avalon Villa & Retreat Center**
St. Croix, VI
      *Pro se defendant.*

## MEMORANDUM OPINION

      Before the Court are the motions of Catered To, Inc. d/b/a Catered To Vacation Homes ("Catered To") and J-Macks Properties, LLC, ("J-Macks") to dismiss this matter. (ECF Nos. 22, 23.)

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 2

## I.   <u>FACTUAL AND PROCEDURAL HISTORY</u>

In 2011, Amy G. Denero ("Denero") went on vacation to St. John, United States Virgin Islands.  She and five others stayed in Avalon Villa, which is owned by Cynthia K. Belden d/b/a Avalon Villa & Retreat Center ("Belden").  J-Macks Properties, LLC, ("J-Macks") operates Avalon Villa as a vacation rental. Catered To, Inc. d/b/a Catered To Vacation Homes ("Catered To") is the rental agent and property manager of Avalon Villa.

Avalon Villa had a set of steps located between the dining room and living room. The steps did not have a handrail.  Denero states that the steps were constructed of stone, and did not have grips or treads on them.  She also claims that the steps have "shallow footholds."

On the fourth day of her vacation, when moving from the dining room to the living room, Denero fell down the steps. She landed on her left knee on the stone floor.  Denero alleges that she injured her left leg and ankle, and was unable to move for 45 minutes following the fall.  One of Denero's traveling companions was a doctor.  She states that the doctor in her group examined her and advised that she had not broken anything. Denero did not seek any other medical assistance at the time. Denero alleges that, due to her injuries, she was unable to enjoy the remaining four days of her vacation.

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 3

Denero returned home to Santa Cruz, California on October 11, 2011.  Thereafter, on October 14, 2011, she received medical attention at El Camino Hospital in Mountain View, California. There, Denero was diagnosed with a left distal femur fracture and a sprained ankle.  Denero claims that the doctor in Mountain View recommended surgery to repair the fracture as there was significant displacement of the fracture.  Surgery took place on Denero's injuries on October 14, 2011.

Denero alleges that, as a result of the injuries she sustained in Avalon Villa, she required three nights in the hospital, four nights in a skilled nursing facility, and four months of physical therapy.  Denero also claims that she was on disability from work for just short of six months following the injury. She alleges that the surgery and recovery required her to use approximately 120 hours of paid time off, sick leave, and education leave. Finally, Denero alleges that the fall has exacerbated a pre-existing degenerative disk disorder in her back.

Denero filed her Complaint in this matter on July 26, 2013. The Complaint asserts four Counts. Count One alleges negligence, gross negligence, and punitive damages against Belden. Count Two alleges negligence, gross negligence, and punitive damages against Catered To. Count Three alleges negligence, gross

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 4

negligence, and punitive damages against J-Macks. Count Four alleges breach of contract against all three defendants. Thereafter, on November 20, 2013, J-Macks and Catered To moved to dismiss Denero's Complaint. In their motions, J-Macks and Catered To argue: (1) Denero failed to properly serve them; and (2) that Denero's Complaint fails to state a claim upon which relief can be granted.

On January 3, 2014, Denero filed a notice of voluntary dismissal as to Belden. As such, the discussion and analysis that follow shall focus only on Counts Two, Three, and Four as against Catered To and J-Macks.

## II.  <u>DISCUSSION</u>

### A. Motion to Dismiss for Insufficient Service

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a motion to dismiss for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). Proper service on defendants must be made within 120 of the complaint being filed. Fed. R. Civ. P. 4(m). In a 12(b)(5) motion, "the party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 5

**B. Motion to Dismiss for Failure to State a Claim**

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 6

pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts " 'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[1]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

---

[1] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 7

### III. ANALYSIS

### A. Sufficiency of Service

Federal Rule of Civil Procedure 4(h) governs service of process on a corporation, partnership, or association.  Fed. R. Civ. P. 4(h). It states:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h).  Rule 4(e), in pertinent part, provides:

> [A]n individual . . . may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally;(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 8

Fed. R. Civ. P. 4(e).

Corporations and Limited Liability Companies ("LLC") doing business in the Virgin Islands must have a resident agent on whom service of process can be made. V.I. CODE ANN., tit. 13, §§ 51, 1109. Where a registered agent is not appointed or where legal process against a corporation or LLC cannot by due diligence be served on any person authorized to receive it, such process may be served upon the Lieutenant Governor. V.I. CODE ANN., tit. 13, §§ 348, 1112. The Lieutenant Governor then notifies the corporation or LLC of the service of process by letter. *Id.*

## 1. J-Macks

Prior to the filing of the Complaint, Denero, through counsel, contacted the Virgin Islands Division of Corporations and Trademarks seeking the resident agent and tradename of J-Macks. In an email dated March 27, 2013, a corporate examiner from the division informed Denero that there were no entries registered under J-Macks's name. (ECF No. 28-1.)

Denero's counsel alleges that they then undertook an exhaustive internet search to find information about J-Macks in order to contact the corporation. Through these efforts, Denero claims, her counsel located J-Macks's insurer. After the Complaint in this matter was filed, Denero mailed a copy of the

Complaint to the insurer with a settlement demand. J-Macks's insurer then provided a copy of the declaration page of the insurance policy.  This page was redacted, but included as the name of the insured: J-Macks Properties, LLC c/o Kim Russell, Rocky River, OH 44116.  Denero has submitted the declaration page of the policy on the docket. (ECF No. 28-2.)

Denero alleges that on receiving that information, her counsel undertook a search of the Ohio Secretary of State's online database for businesses, and was unable to find a listing for J-Macks.  Denero also claims that her counsel called the Ohio Secretary of State's Office, and received verbal confirmation that J-Macks was not listed as an Ohio business. Denero alleges that her counsel then did a search of the Virgin Islands property tax data base, which revealed two addresses for J-Macks, both in Ohio, and the names of Kim Russell and John Russell.

The Court issued a summons as to J-Macks on September 16, 2013. That summons was returned unexecuted.  Two process servers were utilized, one for each Ohio address. One process server attempted to serve Kim Russell at an address in Rocky River, Ohio.  The Rocky River process server avers that he was informed that Kim Russell no longer resides at the address (ECF No. 14-1.) The other process server attempted to serve Kim Russell in

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 10

Lakewood, Ohio.  The Lakewood process server avers he attempted service twice, and received no response on either occasion. (ECF No. 14-1.)

A second summons was issued as to J-Macks on October 4, 2014.  The process server avers that service was made on the Lieutenant Governor of the Virgin Islands's Office of Corporations and Trademarks through Denise Johannes, Director of Corporations and Trademarks. (ECF No. 12-1.)  In a second affidavit, the process server avers that he received two copies of the summons and two copies of the complaint and that on October 4, 2013, he served those documents on Denise Johannes, along with a $25.00 fee due to the Lieutenant Governor's office for receipt of service. Denise Johannes avers that, after receiving the copies of the complaint and summons, a copy of the complaint and summons were sent as certified mail, return receipt requested, via the United States Postal Service to J-Macks.  The complaint and summons were mailed on January 7, 2014. Denise Johannes further avers that the summons and complaint have not been returned to the Office of the Lieutenant Governor.

Thereafter, Denero, though her counsel's legal secretary, Nikki Garcia ("Garcia"), mailed two copies of the summons and complaint to the Lakewood, Ohio address on October 24, 2013.

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 11

Garcia states that the copies were sent by United States Postal Service Express Mail, requiring a return receipt.  Garcia also avers that the cost of postal service was paid at that time. Finally, Garcia avers that the package was signed for by John Russell on October 26, 2013. J-Macks argues that this method of service was improper.

In order for service on the Lieutenant Governor to be proper, Denero must show that either: (1) J-Macks did not have a resident agent; or (2) that despite due diligence, Denero was unable to serve J-Macks's resident agent. V.I. CODE ANN., tit. 13, § 1112; *Grand Entm't Group*, 988 F.2d at 488 (stating that the party asserting that service was valid bore the burden of proof).

Denero asserts that J-Macks does not have a registered agent in the Virgin Islands.  Based upon the information on the record, the Court agrees.[2]  Where, as here, an LLC has failed to appoint or maintain "an agent for service of process within the Virgin Islands . . . the Lieutenant Governor shall be deemed an agent of the company upon whom process, notice, or demand may be served." V.I. CODE ANN., tit. 13, § 1112.

---

[2] The Court also notes that J-Macks does not argue that it has maintained a registered agent in the Virgin Islands.

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 12

The Virgin Islands Code sets the requirements for service
on the Lieutenant Governor where a corporation or an LLC has
failed to designate a registered agent. V.I. CODE ANN., tit. 13,
§§ 348, 1112. In order to properly serve such an LLC through
service on the Lieutenant Governor: (1) the plaintiff must serve
the Lieutenant Governor's office with duplicate copies of "the
process notice or demand"; and (2) the Lieutenant Governor's
office must "forward one of the copies by registered or
certified mail, return receipt requested, to the company at its
designated office." V.I. CODE ANN., tit. 13, §§ 348, 1112. The
plaintiff bears the burden of showing that each of these events
occurred. *See, e.g.*, *Arnold v. Breckinridge Custom Homes, V.I.,
Inc.*, 3:10-cv-23, 2010 WL 2776077, *1 (D.V.I. July 7, 2010).

Here, Denero has shown that the Lieutenant Governor was
served with duplicate copies of the summons and complaint, and
was given a $25.00 fee.  Denero has also shown that the
Lieutenant Governor's office thereafter sent the summons and
complaint to the company using certified mail, return receipt
requested. As such, Denero has met her burden to show service on
J-Macks.

## 2. Catered To

A corporation may be served "by delivering a copy of the
summons and of the complaint to an officer, a managing or

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 13

general agent, or any other agent authorized by appointment or
by law to receive service of process[.]" Fed. R. Civ. P. 4(h).
Denero asserts that she contacted the Division of Corporations
and Trademarks.  The division had Catered To's June 30, 2012,
annual report.[3]  Therein, Lani Clark was listed as the
Secretary/Director of Catered To. Eileen Duffy was listed as
Catered To's resident agent. The process server avers that Lani
Clark was personally served on November 11, 2013.

In an email dated November 12, 2013, Eileen Duffy contacted
Denero's counsel and stated that she had been served in
connection with this case.  Eileen Duffy went on to state that
Catered To was no longer owned by Catered To, Inc., and had been
sold to Palm Horizons Management, Inc.

Thereafter, Denero contacted the Division of Corporations
and Trademarks and was informed that Palm Horizons Management,
Inc.'s registered agent was Tyler E. Anderson. The division also
informed Denero that Palm Horizons Management, Inc.'s officers
were listed as Tyler Anderson (President/Director), Eileen Duffy
(Vice President/Director), and Eloise Anderson
(Secretary/Treasurer/Director).

---

[3] Denero also asserts that the division stated that Catered To was no longer
in good standing, as it had failed to file its June 30, 2013, annual report
or to update its notice of resident agent and officers and directors.

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 14

The process server avers that Tyler Anderson was personally served on November 15, 2013.

Here, Denero served a person Denero identifies as one of the officers of Catered To. Denero also served what she has identified as the registered agent of Catered To.  As such, service on Catered To was sufficient.

## B. Sufficiency of Complaint[4]

## 1. Counts Two and Three: Negligence

To sufficiently allege a negligence claim under Virgin Islands law, a plaintiff's claim must contain four elements: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *White v. Spenceley Realty, LLC*, 53 V.I. 666, 2010 WL 4961792, *3 (2010)(citing to Restatement (Second) of Torts § 281).

The Court, in considering if there are facts in the Complaint sufficient to show plausible entitlement to relief, disregards any allegations in the Complaint which are merely "labels and conclusions [or] a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Thus, the Court will not consider allegations contained in Denero's complaint which contain conclusory legal statements, such as statements that "[Catered To] . . . had a duty to Plaintiff to ensure

---

[4] Denero concedes that her Complaint does not state a cause of action for gross negligence or punitive damages. As such, she asks this Court to dismiss those claims.  Therefore the Court will not address such claims in depth here.

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 15

the property was safe and free from unreasonable danger of injury."

(Compl., ¶ 69.)

Having identified and excised such conclusory statements, Denero's Complaint contains the following well-pleaded allegations: that Catered To is the rental agent and property manager of Avalon Villa; that J-Macks is an owner of Avalon Villa and operates it as a vacation rental; that Denero purchased a seven night stay at Avalon Villa; that there is a set of steps between the living room and dining room of Avalon Villa; that the steps have narrow treads, are slick or slippery, and do not have any grip on them; that there is no handrail on the steps between the living and dining rooms; and that Denero fell on the steps and suffered injuries to her knee, ankle, and back, along with other physical ailments.

The Court must accept as true all such factual allegations and draw all reasonable inferences in favor of the non-moving party, Denero. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

> A possessor of land may be liable for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against danger.

*Bright v. United Corp.*, 50 V.I. 215, 2008 WL 2971769, at *3 (V.I. 2008). "It is well settled that a business owner owes a

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 16

duty to an invitee to maintain its premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended." *David by Berkeley v. Pueblo Supermarket of St. Thomas*, 740 F.2d 230, 236 (3d Cir. 1984)(internal citations and quotations omitted). In doing so, "[a] business owner must take reasonable care to ascertain the actual condition of the premises[.]" *Id.* (internal quotation omitted).

Here, Denero alleges that the steps between the living room and dining room were hazardous. Specifically, she claims that they were made of slick or slippery stone materials, were shallow cut and narrow, lacked any tread, and had no handrail. Considering these facts in the light most favorable to Denero, it can be inferred that Catered To and J-Macks either knew or should have known about the condition of the steps. It could also be inferred that guests traversing between the dining room and the living room would use those steps. Considering these things in a light favorable to Denero, the Court finds that Denero has sufficiently pled that Catered To and J-Macks owed her a duty of care.

Failure to take precautions necessary "to maintain its premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 17

extended," would constitute a breach of that duty. *David by
Berkeley*, 740 F.2d at 236.  Here, Denero alleges that nothing
was placed on the steps' treads in order to afford them more
grip and no handrail was provided for the steps.  A jury could
infer from these facts that Catered To and J-Macks failed to
take reasonable precautions by not maintaining the Avalon Villa
in a "reasonably safe condition." *Id.* As such, Denero has
sufficiently pled breach.

Finally, Denero indicates that she slipped coming down the
steps, and landed on her knee and ankle.  Thereafter, she
claims, she experienced pain and eventually required surgery and
additional medical attention.  These allegations are adequate to
plead causation and damages.

As Denero has alleged facts sufficient to plausibly meet all
elements of a negligence claim, she has plausibly stated a claim for
relief. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

**2. Count Four: Breach of Contract**

There are four elements to a contract claim in the Virgin
Islands: "(1) an agreement, (2) a duty created by that
agreement, (3) a breach of that duty, and (4) damages." *Bank of
Nova Scotia v. Ross*, Civ. No. 2010-118, 2012 WL 4854776 (D.V.I.
Oct. 12, 2012)(slip op.)(citing to *Arlington Funding Services,
Inc. v. Geigel*, 51 V.I. 118, 135 (V.I. 2009)). An agreement may

be either express, one which is stated in oral or written words, or implied wholly or partially from the parties' conduct. Restatement (Second) of Contracts § 4; *see Delta Elec. v. Biggs*, 2011 WL 4463211, *3 (D.V.I. App. Div. 2011).  "A party who breaches a contract is liable for all natural and probable consequences of the breach of that contract." *Mendez v. Coastal Sys. Dev., Inc.*, 2008 WL 2149373, *12 (D.V.I. 2008).

Denero argues that all contracts for accommodation have contained within them an implied warranty of safety or fitness of the premises. (Compl. ¶ 88.) "Implied warranties arise by operation of law." *Vanderwall v. Marriott Ownership Resorts (St. Thomas), Inc.*, Civil No. 2012-84, 2013 WL 4482454, at *13 (D.V.I. Aug. 20, 2013). "Implied warranties which arise under Virgin Islands law include the implied warranty of fitness for a particular purpose, the implied warranty of merchantability, the implied warranty of good workmanship, and the implied warranty of habitability." *Id.* This Court has previously held that no implied warranty "to provide a safe and secure environment" arises as a matter of law. *Id.*

Denero's Complaint does not assert a breach of any warranty recognized under Virgin Islands law.  Denero's Complaint does not involve the sale of goods, and thus does not implicate the warranties of fitness for particular purpose or merchantability.

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 19

Denero's Complaint also does not allege faulty construction or repair done by either Catered To or J-Macks.  On its face, the Complaint alleges only maintenance of a dangerous condition, not its creation.  Finally, Denero's Complaint does not deal with leased property – instead, it deals with a rental unit.  Thus, as in *Vanderwall*, the Court does not find that any implied warranty or contract has been breached. *See id.* (dismissing allegation of breach of warranty for a timeshare's condition).

## IV.  <u>CONCLUSION</u>

It is evident that as the Complaint currently stands, one of its claims is deficient.  Where a claim is subject to dismissal, district courts are instructed to provide the plaintiff with leave to amend even if the plaintiff has not requested such leave. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The only exception to this general rule is where the district court finds that amendment would be inequitable or futile. *See id.*

The Court finds that Count Four cannot be cured by amendment.  That count could not be made viable by the inclusion of additional facts.  As a matter of law, it cannot stand.  As such, the Court will grant the defendants' motion to dismiss as to Count Four.

*Denero v. Catered To, Inc., et al.*
Civil No. 2013-73
Memorandum Opinion
Page 20

With regard to Counts Two and Three, the Court finds that Denero has met her burden to show process was served on J-Macks and Catered To.  The Court also finds that Counts Two and Three meet the pleading requirements of the Federal Rules of Civil Procedure.

For the reasons discussed above, the Court will grant in part and deny in part the motions to dismiss of Catered to and J-Macks.

An appropriate order follows.