IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| AMY GWEN DENERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 2013-73 |
| ) | |
| v. ) | |
| ) | |
| J-MACKS PROPERTIES, LLC, and ) | |
| PALM HORIZONS MANAGEMENT, INC. ) | |
| d/b/a CATERED TO VACATION HOMES, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on referral from the District Court for a report and recommendation regarding certain representations made to the District Court by Kyle R. Waldner, Esq., during a June 10, 2015 hearing in the captioned case (the "Referral Order") [DE 276]. The Referral Order set forth two of Attorney Waldner's representations, quoting portions of the second representation, and the District Court noted that it "has since been informed that this representation was false." The District Court referred the matter to the undersigned Magistrate Judge for "an evidentiary hearing on this issue, and to issue a report and recommendation giving her findings." Referral Order [DE 276] at 2.

This Court held an evidentiary hearing on November 17, 2015. Attorney Waldner appeared at the hearing on his own behalf, along with Ryan C. Meade, Esq., who appeared as both counsel to Attorney Waldner, and to offer testimony. Both Attorneys Waldner and Meade are with the law firm of Quintairos, Prieto, Wood & Boyer, P.A. ("Quintairos"), former counsel for both

defendants. Michael Holzknecht, Esq., personal counsel for Tyler Anderson and defendant Palm Horizons Management, Inc. ("Palm Horizons"), was also present.[1]

## I.     BACKGROUND

Plaintiff Amy Denero filed this action for damages on July 26, 2013, as a result of a fall she suffered in October 2011 at a St. John rental villa owned by defendant J-Macks Properties, LLC and managed by defendant Palm Horizons.[2] Attorneys Meade and Waldner represented both of these defendants through the pretrial discovery phase. In April 2015, defendants filed motions for summary judgment. Shortly thereafter, at a pretrial conference in May 2015, this Court *sua sponte* raised the issue of whether concurrent representation of the defendants here presented a potential conflict, and ordered the parties to brief this issue. Order [DE 237]. In response, defendants informed this Court that no conflict existed, because the interests of the defendants were "aligned." Defs.' Br. [DE 243] at 3.

On June 5, 2015, the District Court entered an Order scheduling a hearing for June 10, 2015, for the purpose of determining whether a conflict existed for defense counsel. The District Court asked for further briefing on the issue. Order [DE 257].

---

[1]     Also present were Mark Wilczynski, Esq. and Charles S. Russell, Esq., successor counsel for the defendants. The parties agreed prior to the hearing that plaintiff's counsel would not appear in order to minimize any issues that might arise in respect to attorney-client privilege.

The hearing was originally scheduled to take place on October 19, 2015. [DE 314]. On motion of the Quintairos firm, in which it asserted that "necessary" and "material" witnesses such as Meade, Tyler Anderson of Palm Horizons, John Russell of J-Macks, and Michael O'Shea, outside counsel to J-Macks, were unavailable [DE 322], the Court rescheduled the hearing. Of these individuals, only Meade's testimony was offered at the November 17, 2015 hearing.

[2]     Plaintiff had named J-Macks and other defendants in her initial complaint. [DE 1]. Ultimately, in her First Amended Complaint filed November 7, 2014, plaintiff named J-Macks and Palm Horizons as defendants. Ryan Meade, Esq., of the Quintairos firm, appeared "specially" for several of the initial defendants [DE 13], and he filed answers to the First Amended Complaint as counsel to the ultimate defendants. [DEs 142, 144].

On June 9, 2015, defense counsel filed an additional brief, stating that the clients gave "informed consent to the [concurrent] representation, [which was] confirmed in writing." Defs.' Mem [DE 263] at 4. Defendants also filed under seal a document, executed by a principal of each defendant, which purports to agree to concurrent representation by the Quintairos firm, and to waive any conflict of interest. [DE 269].

District Court Judge Curtis V. Gomez held a hearing on June 10, 2015, which addressed, among other things, the issue of whether J-Macks and Palm Horizons had given informed consent to the dual representation by Quintairos.[3] Order [DE 276]. Attorney Waldner appeared for the defendants and represented to the District Court "(1) that both J-Macks and Palm Horizons are represented by outside counsel, other than Quintairos; and (2) '[t]hose counsel . . . advised the defendants . . . that [there was] no issue with proceeding with one attorney for both defendants.'" *Id.* at 2. Thereafter, the District Court received information indicating that Attorney Waldner's "representation was false." *Id.* The District Court then referred the matter to the undersigned.

## II.     FINDINGS OF FACT

Based on the testimony and the exhibits presented at the November 17, 2015 hearing, along with other materials in the record in this matter,[4] this Court now enters the following findings of fact:

1. Attorneys Waldner and Meade are attorneys with the Quintairos law firm and are attorneys admitted to practice before this Court.

---

[3]     The District Court found that defendants did not give informed consent. Additionally, it determined that even if such consent were given, it would be insufficient to waive conflict in the instant matter. Mem. Op. [DE 300] at 25-26. Quintairos was disqualified from representing both J-Macks and Palm Horizons. *Id*. at 29; Order [DE 301].

[4]     The Court will identify such additional materials by docket entry or otherwise as appropriate. Findings that do not include a citation to the record were derived primarily from the testimony and exhibits presented at the November 17, 2015 evidentiary hearing.

*Denero v. J-Macks Properties, LLC et. al*
Civil No. 2013-73
Page **4** of **8**

2. On December 5, 2014, Attorney Meade filed an Answer to the First Amended Complaint on behalf of J-Macks. [DE 142]. On December 8, 2014, Attorney Meade filed an Answer to the First Amended Complaint on behalf of Palm Horizons. [DE 144]. The Quintairos firm, including Attorneys Waldner and Meade, concurrently represented both defendants until the firm was disqualified by order dated August 21, 2015.[5]

3. On approximately January 13, 2015, prior to a mediation scheduled for January 23, 2015, Attorney Meade received a settlement demand from plaintiff that raised the issue of a potential conflict for defendants. Attorney Meade discussed the issue with representatives of J-Macks and Palm Horizons and advised them to get separate counsel to advise on these issues.

4. Prior to the January mediation, Palm Horizons retained Attorney Holzknecht as outside counsel, and Attorney Meade was contacted by Attorney Michael O'Shea, as outside counsel to J-Macks. Attorney Holzknecht attended the mediation.

5. On April 6, 2015, defendants each moved for summary judgment.[6]

6. When the undersigned raised the issue of potential conflict in May 2015, Attorneys Waldner and Meade believed the clients' interests were aligned and no conflict existed.

7. On June 5, 2015, the District Court entered the following order: "[a] hearing on the issue of whether there is a conflict for defense counsel in this matter is hereby SCHEDULED to begin promptly at 9:00 AM on June 10, 2015. It is further ORDERED that the parties shall brief this issue, with appropriate citations to authority and special attention paid to ethics rule 1.7, by no later than 12:00 PM on June 9, 2015."[7]

8. On that same date, Attorney Meade sent a separate email to each client, copying outside counsel, asking the clients to execute a written conflict waiver that he had authored.

9. On June 5 or 6, 2015, Attorney Meade corresponded by email with Attorney Holzknecht and asked Attorney Holzknecht if he could advise Palm Horizons on the issue of Quintairos' concurrent representation of the defendants. Attorney Meade then sent him copies of the summary judgment briefing. Attorney Meade also sent copies to Attorney O'Shea.

---

[5]    *See* Order [301].

[6]    *See* Mots. for Sum. J. [DEs 213, 214].

[7]    *See* Order [DE 257].

*Denero v. J-Macks Properties, LLC et. al*
Civil No. 2013-73
Page **5** of **8**

10. After receiving the summary judgment motions, on June 8, 2015, Attorney Holzknecht sent an email to Attorney Meade, with a copy to Attorney Waldner, in which he stated "I advised Tyler [Anderson] that this decision [to sign a written waiver of conflict] is between you and him. Based on your advice to him he will execute the waiver and get it to you today."[8]

11. Holzknecht did not advise Palm Horizons or its principals whether to sign the conflict waiver.[9]

12. Tyler Anderson of Palm Horizons signed the conflict waiver after he had discussions with outside counsel.

13. On June 9, 2015, Attorney Waldner moved for and was granted leave to file a document under seal.[10]

14. On June 9, 2015, Attorney Meade filed docket entry 269 under seal, which is a letter dated June 5, 2015 from Attorney Meade to John Russell of J-Macks and Tyler Anderson of Palm Horizons.

15. Docket entry 269 bears the signatures of Russell and Anderson on behalf of J-Macks and Palm Horizons, respectively, under the words "AGREED AND APPROVED" and purports to confirm (1) an agreement to joint representation by Quintairos, and (2) a waiver of conflict of interest.[11]

---

[8] The June 8, 2015 email was included an *ex parte* email communication from Attorney Holzknecht to the District Court.

[9] Attorneys Waldner and Holzknecht entered into a Joint Stipulation of Facts after Attorney Holzknecht was subpoenaed to appear at the November 17, 2015 hearing. The Joint Stipulation of Facts is at docket entry 330-2, and was offered and admitted into evidence as Exhibit 1 at the November 17, 2016 hearing. It provides in pertinent part that Attorney Holzknecht:

- "review[ed] the Motions for Summary Judgment filed on behalf of [both defendants]";
- "discuss[ed] the issue of proceeding with one lawyer concurrently representing both [defendants] with PALM HORIZONS or its principals"; and
- "did not advise PALM HORIZONS or its principals, whether or not there was a conflict of interest regarding [Quintairos'] concurrent representation of both [defendants]".

Jt. Stip. at ¶¶ 3-5. The Stipulation does not address the timing of review or discussion.

[10] [DEs 265, 266].

[11] A copy of the letter appearing at docket entry 269, but executed only by Attorney Meade and Anderson, was admitted as Exhibit 2 at the November 17, 2015 hearing. [DE 330-3]. Attorney Meade testified that Exhibit 2 was the conflict waiver he had authored and sent to the defendants for execution.

16. Attorney Waldner spoke with Attorney Holzknecht before the June 10, 2015 hearing and understood that Attorney Holzknecht had not advised his client regarding whether to execute a waiver of conflict.

17. On June 10, 2015 Attorney Waldner made the following statements to the District Court: "I represent to this Court that both parties are represented by outside counsel. Those counsel also advised, advised the defendants here, after reviewing the motions for summary judgment, after discussing these issues with counsel, that there's no issue with proceeding with one attorney for both defendants."[12]

18. The following exchange then occurred:

> THE COURT: And when you say "outside counsel," you're referring to you; is that correct?
>
> MR. WALDNER: No, Your Honor –
>
> THE COURT: Who are you referring to?
>
> Mr. WALDNER: Excuse me, Your Honor. Each entity has personal counsel that is independent from me or any lawyer in my firm.
>
> THE COURT: And you're saying there's evidence in the record that there was some informed consent that would have included the position or advice of those several attorneys?
>
> MR. WALDNER: I'm making that representation to the Court.[13]

19. When the District Court asked whether having a document that recites that the clients agree there is no conflict would be "good enough" to constitute informed consent, Attorney Waldner stated the following:

> I think – yes. I think, especially if you have two, the parties that are the subject of the potential conflict represented by outside counsel, which is the case here, if both parties have received and have had the opportunity, not only at the outset of the case to discuss the defenses, but are aware of the arguments that have been presented at summary judgment, are aware of their codefendant's arguments, they appreciate the positions that have been advanced on both, on

---

[12] Tr. dated June 10, 2015 [DE 330-4] at 11. The transcript of the June 10, 2015 hearing was first filed on July 21, 2015. [DE 299]. Attorneys Waldner and Meade offered a copy of the transcript as Ex. 3 at the November 17, 2016 hearing. This copy appears at docket entry 330-4.

[13] Tr. dated June 10, 2015 [DE 330-4] at 11.

> behalf of both parties, and agree that there is [] no issue that, with the joint representation, then I think, again, as has happened in this case, then I think that that is [] more than enough.[14]

20. Representatives of the entity clients, Anderson and Russell, had advised Attorney Waldner there was no problem proceeding with one attorney for both defendants.

21. Attorney Waldner did not intend to convey that the clients executed a conflict waiver *as a result of* outside counsel's involvement, but rather *after having had an opportunity to consult* with outside counsel.[15]

22. The District Court received an *ex parte* email communication from Attorney Holzkenecht following the June 10, 2015 hearing stating that, as personal counsel to Palm Horizons and Tyler Anderson, he did not advise Anderson on issues of conflict, nor did he advise Anderson to execute a waiver of conflict.

23. Subsequent to the hearing, Attorney Holzknecht told Attorney Waldner that he (Waldner) made an incorrect statement to the District Court during the June 10, 2015 hearing.[16]

24. On June 18, 2015, in attempting to correct the record, Attorney Waldner filed e*x parte* and under seal a Notice to Court regarding his June 10, 2015 representations. The notice set forth in pertinent part that "Holzknecht, Esq. confirmed that he spoke with Tyler Anderson of Palm Horizons and that he advised Mr. Anderson that this decision [regarding waiving conflict due to concurrent representation] was between Palm Horizons and its litigation

---

[14] Tr. dated June 10, 2015 [DE 330-4] at 9-10.

[15] Attorney Waldner asked this Court to believe that he made no false statements at the June 10, 2015 hearing, only that he failed to properly articulate his position. He avers that his intention was to convey to the court that defendants had retained independent counsel who were aware of the issue of concurrent representation and potential conflict, that this outside counsel had an opportunity to discuss the matters with the defendants after reviewing pertinent papers, and thereafter, Attorney Waldner received the signed conflict waivers from the defendants. Attorney Waldner's claims that he did not mean to misrepresent that the waivers were executed and received "as a result" of outside counsel's specific advice on whether to waive conflict were credible.

[16] *See* email correspondence from Attorney Waldner to Attorney Holzknecht [DE 294-1] stating that the representations he made to the court represented his "good faith understanding" of their conversation, that "[Holzknecht] now claim[s] that [Waldner has] misrepresented that conversation (to a Federal Judge, no less)" and he asked Holzknecht to let him "know how exactly [he] misrepresented [their] conversation" to the District Court. Email Correspondence [DE 294-1]. Attorney Waldner submitted this correspondence on June 18, 2015 as Ex. 1 to his Notice to the Court [DE 294]. Attorney Waldner also testified to the post-hearing exchanges with Attorney Holzknecht at the November 17, 2015 hearing.

counsel and that *based on litigation counsel's advice*, Mr. Anderson would execute the waiver."[17]

### III. CONCLUSIONS

Based upon the findings set forth above, the Court concludes;

1. The representation that both defendants were represented by outside counsel was true.

2. The statement that "those counsel also advised, advised the defendants here, after reviewing the motions for summary judgment, after discussing these issues with counsel, that there's no issue with proceeding with one attorney for both defendants," contain clauses that are true. However, the reasonable inference to be drawn from the statement, that outside counsel advised the defendants that there was no "issue" in proceeding with one attorney for both defendants, is misleading.

3. Upon being advised that he had made misleading representations to the Court, Attorney Waldner took steps to correct the record with the Court.


Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.


**Dated:**  July 1, 2016              S\ _____
                                        **RUTH MILLER**
                                        United States Magistrate Judge

---

[17]    Notice to the Court [DE 294] at ¶ 13 (emphasis added).  In the notice, Attorney Waldner also stated that he had a "good faith belief" that Tyler Anderson "signed and provided the conflict waiver following his consultations with Michael Holzknecht, Esq."  *Id*. at ¶28.