IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| AMY GWEN DENERO, | ) |
|       Plaintiff, | ) |
| | ) Civil No. 2013-73 |
| v. | ) |
| J-MACKS PROPERTIES, LLC, and<br>PALM HORIZONS MANAGEMENT, INC.<br>d/b/a CATERED TO VACATION HOMES, | ) |
|       Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on referral from the District Court for a report and recommendation as to what sanctions, if any, are appropriate, in light of the undersigned's Report and Recommendation submitted on July 1, 2016 (the "R&R"). *See* Order [ECF 445] at 3; R&R [ECF 444] (making findings regarding certain representations made to the District Court by Kyle R. Waldner, Esq., during a June 10, 2015 hearing in the captioned case.)[1]

**I.    BACKGROUND**

As the parties are familiar with the background of this matter, the Court recites only those facts that are essential to the task at hand. Following an evidentiary hearing regarding certain representations Attorney Waldner made to the District Court during the June 2015 hearing, the Court found facts and reached the following conclusions:

      1.   The representation that both defendants were represented by outside counsel was true.

---

[1] The hearing at issue was held in connection with the District Court's ultimate decision to disqualify the law firm representing both defendants in this case, Quintairos, Prieto, Wood & Boyer, P.A. *See* [301]. At the time of the June 2015 hearing, Attorney Waldner was employed by the Quintairos firm.

      2. The statement that "those counsel also advised, advised the defendants here, after reviewing the motions for summary judgment, after discussing these issues with counsel, that there's no issue with proceeding with one attorney for both defendants," contain clauses that are true. However, the reasonable inference to be drawn from the statement, that outside counsel advised the defendants that there was no "issue" in proceeding with one attorney for both defendants, is misleading.

      3. Upon being advised that he had made misleading representations to the Court, Attorney Waldner took steps to correct the record with the Court.

R&R [ECF 444] at 8. After the undersigned issued the R&R, to which there were no objections, the District Court entered an additional order continuing the referral to the undersigned for "a recommendation regarding what, if any, sanction is appropriate." [ECF 445] at 3. Thus the undersigned then ordered the parties to make submissions regarding any such sanctions. [ECF 446]. Plaintiff;[2] defendant J-Macks,[3] through its new counsel; and Attorney Waldner each submitted a memorandum regarding sanctions. [ECFs 447, 448, 449].

Attorney Waldner takes the position that no sanction is warranted under the American Bar Association's *Standards for Imposing Lawyer Sanctions* ("*ABA Sanctions Standards*"). [ECF 449] at 2-3. He argues both that the required "clear and convincing evidence" of a violation of the Model Rules of Professional Conduct is lacking, and that consideration of the relevant factors for imposing sanctions leads to the conclusion that sanctions are not appropriate. *Id*. at 4-8.

---

[2] Plaintiff reiterates her view that monetary sanctions should be imposed against the Quintairos firm under 28 U.S.C. § 1927 because the firm's conflicted representation resulted in delay and additional litigation costs. [ECF 447] at 2. However, "it is well established that 'sanctions under § 1927 must only impose costs and expenses that result from the particular misconduct in the litigation at issue.'" *In re Prosser*, 2014 U.S. Dist. LEXIS 18930, at *21 (D.V.I. Feb. 14, 2014) (quoting *Dashner v. Riedy*, 197 F. App'x 127, 133 (3d Cir. 2006) (citation omitted)). Thus, this argument does not address the issue of whether Attorney Waldner is subject to being sanctioned for a violation of the ethics rule regarding candor to the tribunal as a result of the statement made at the June 2015 hearing.

[3] J-Macks recommends that "no additional sanction, monetary or otherwise," be imposed. [ECF 448] at 2. J-Macks argues, in essence, that disqualification was itself a sufficient sanction. *Id*.

*Denero v. J-Macks Properties, LLC et. al*
Civil No. 2013-73
Page 3 of 6

## II. LEGAL STANDARDS

Local Rule of Civil Procedure 83.2 governs the discipline of attorneys practicing in the District Court. Local Rule 83.2(a)(1) provides that "each attorney admitted or permitted to practice before this Court shall comply with the standards of professional conduct required by the Model Rules of Professional Conduct (the 'Model Rules'), adopted by the American Bar Association, as amended." LRCi 83.2(a)(1). The potential penalties that may be imposed in the event of a violation of an ethical duty are set forth in LRCi 83.2(c).[4] The term "misconduct" is defined as conduct that violates the Model Rules. LRCi 83.2(a)(3).

Model Rule 3.3, dealing with "Candor to the Tribunal," provides that a lawyer shall not "knowingly" "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." ABA Model Rule 3.3(a). "Knowingly" "denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances." ABA Model Rule 1.0(f). Further, "the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false." ABA Model Rule 3.3, cmt 2. "[A]n assertion purporting to be on the lawyer's own knowledge, as . . . in a statement in open court, may properly be made only when the lawyer knows the assertion to be true or believes it to be true on the basis of a reasonably diligent inquiry." ABA Model Rule 3.3, cmt 3.

## III. DISCUSSION

Here, the Court found that, of the two statements of concern to the District Court, the "reasonable inference" to be drawn from one was misleading. R&R [ECF 444] at 8. Further, the

---

[4] Local Rule 83.2 also preserves the Court's authority to deal with contempt or to impose other types of sanctions for violations of other rules or orders. LRCi 83.2(d).

Court found that, upon learning of the misleading nature of the statement, Attorney Waldner took steps to correct the record. *Id*. Under these circumstances, the Court cannot conclude that Attorney Waldner intentionally made a false statement of fact to the District Court.

At worst, Attorney Waldner spoke carelessly, making a statement that could have misled the District Court into believing that outside counsel had directly advised each of the defendants that it was acceptable to proceed with one attorney simultaneously representing both defendants. Instead, what Attorney Waldner claims he meant to convey was that each defendant had the *opportunity* to consult with outside counsel on the issue, and that each defendant thereafter decided to continue with the same counsel. *See* [ECF 444] at 7 and n.15.[5]

Whether these findings amount to misconduct under the Model Rules requires the Court to first determine whether Attorney Waldner knowingly made a false statement of fact or failed to correct a false statement of material fact previously made. ABA Model Rule 3.3(a). Under all of the circumstances presented, and in consideration of the entire record, the Court answers both questions in the negative.

If, however, a *de novo* review of the record suggests misconduct occurred, the Court must consider whether Attorney Waldner's conduct warrants sanction. In this regard, the Court may consider the *ABA Sanctions Standards*, which set forth the relevant factors for consideration. *In re Malofiy*, 653 F. App'x 148, 154 (3d Cir. 2016) ("The American Bar Association publishes a guide that serves 'as a model for determining the appropriate sanctions for lawyer misconduct.'") (quoting *In re Mitchell*, 901 F.2d 1179, 1184 (3d Cir. 1990)). Those factors are: (1) the duty

---

[5] The Court found Attorney Waldner's claim to be credible. *See also* [ECF 294] ("Notice to the Court"). There, Attorney Waldner set forth the background regarding the communications with defendants and their outside counsel, most all of which involved Attorney Ryan Meade, rather than Attorney Waldner. *Id*. at 1-4. Attorney Meade was not available to appear at the June 10, 2015 hearing, however, and Attorney Waldner appeared instead.

violated by the conduct; (2) the attorney's "mental state;" (3) "the potential or actual injury caused by the lawyer's misconduct;" and (4) any aggravating or mitigating circumstances. *ABA Sanctions Standards* § 3.0.

With respect to the first factor, the duty violated would be one to the legal system by an officer of the Court. This duty is significant because misstatements in hearings may interfere with the administration of justice. In recognition of this duty, Attorney Waldner, once made aware of his misstatement, promptly took steps to correct the record.

As to the second factor—the attorney's the mental state—as noted previously, the Court finds that Attorney Waldner did not intentionally or knowingly violate his duty of candor. At the very most, Attorney Waldner failed to take reasonable measures to express the true facts to the District Court, and he therefore acted at worst negligently.

The third factor relates to the potential or actual injury caused. Here, the Court finds no actual injury, as the District Court determined the Model Rule 1.7 conflict question seemingly without regard to Attorney Waldner's statements. Indeed, the District Court concluded that the conflict at issue was not waivable, so Attorney Waldner's statements regarding informed consent, were beside the point. Further, it is not reasonable to suggest that Attorney Waldner's statements themselves caused delay or other appreciable harm in the underlying case.

Finally, the Court is to consider aggravating or mitigating factors. *See ABA Sanctions Standards* § 9.0. The Court is not aware of any aggravating factors. With respect to mitigating factors, the Court again notes Attorney Waldner's efforts to correct the record, his lack of dishonest motive, his apparent lack of any prior or later discipline, and his apology and acceptance of responsibility. Moreover, this appears to be an isolated incident, and not part of a pattern or practice on Attorney Waldner's part. Indeed, from all accounts, Attorney Waldner had a good

*Denero v. J-Macks Properties, LLC et. al*
Civil No. 2013-73
Page 6 of 6

faith belief both in the correctness of his client's position and in the accuracy of his representations to the Court. These mitigating factors thus support Attorney Waldner's position that no sanctions are warranted.

Accordingly, in consideration of the foregoing, and based on the entire record of these proceedings, it is RECOMMENDED that no sanction be imposed.

**Dated:** June 30, 2021                                S\ _____
                                                                          **RUTH MILLER**
                                                                          United States Magistrate Judge

## NOTICE

Failure to file written objections to the Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge, 28 U.S.C. Section 636(b)(1)(B), LRCi. 72.3, 72.4.